UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON N. HATTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:13-cv-01818-JHE |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION,[1] ) | |
| ) | |
| Defendant. | |

### MEMORANDUM OPINION[2]

Plaintiff Sharon N. Hatter ("Hatter") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for widow's insurance benefits and Supplemental Security Income ("SSI"). (Doc. 1). Hatter timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin in the case caption above.

[2] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

## I. Factual and Procedural History

Hatter was a fifty-two old female at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 8, 53, 159, 176, 183). Hatter has at least a high school education and past relevant work as a mailroom clerk, general clerk, and housekeeper/cleaner. (Tr. 54-55, 73, 188-89, 194-97, 226).

Hatter filed her applications for widow's insurance benefits and SSI on October 4, 2010, alleging an onset date of August 4, 2010. (Tr. 11, 159-65, 176-82). The Commissioner initially denied Hatter's application, and Hatter requested a hearing before an ALJ. (Tr. 92-104). After a hearing, the ALJ denied Hatter's claim on January 10, 2013. (Tr. 8-31). Hatter sought review by the Appeals Council, but it declined her request on July 31, 2013. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On September 30, 2013, Hatter initiated this action. (*See* doc. 1).

## II. Standard of Review[3]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable

---

[3]In general, the legal standards applied are the same whether a claimant seeks (widow's) Disability Insurance Benefits or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2013.

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
    (4)    whether the claimant can perform his or her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ noted it was previously found that Hatter is the unmarried widow of the deceased insured worker, had obtained the age of 50, and has met the non-disability requirements for disabled widow's benefits set forth in § 202(e). (Tr. 13). The ALJ then found the prescribed period ends on January 31, 2017, and that Hatter had not engaged in substantial gainful activity since the alleged onset date of August 4, 2010. (*Id.*). At Step Two, the ALJ found Hatter has the following severe impairments: restrictive airway disease and asthma with an active tobacco abuse disorder, diabetes mellitus with peripheral neuropathy, and obesity. (Tr.

14). At Step Three, the ALJ found Hatter does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to Step Four, the ALJ determined Hatter's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Hatter has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b and 416.967(b) except she can lift, carry, push, and pull 20 lbs. occasionally and 10 lbs. frequently; can sit, stand, and walk 6 hours each intermittently through an 8-hour workday; limited to work that does not involve the use of foot controls; limited to frequent handling, fingering, and feeling bilaterally; must avoid concentrated exposure to respiratory irritants such as dusts, gases, fumes, odors, and poorly ventilated areas; and must avoid all exposure to operational controls of moving machinery and unprotected heights. (Tr. 17).

At Step Four, the ALJ determined, Hatter is able to perform her past relevant work as a general clerk and a mailroom clerk. (Tr. 26). At Step Five, the ALJ alternatively determined, based on Hatter's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Hatter could perform. (Tr. 27). Therefore, the ALJ determined Hatter has not been under a disability and denied her claim. (Tr. 27-28).

## V. Analysis

### A. Introduction

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672

F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Hatter argues the ALJ's RFC finding is not supported by substantial evidence. (Doc. 13 at 6). However, upon review of the evidence and the ALJ's decision, the undersigned has determined substantial evidence supports the ALJ's determination Hatter failed to demonstrate a disability and the ALJ applied the proper standards to reach this conclusion. Accordingly, the Commissioner's decision will be **AFFIRMED**.

> B.  Substantial Evidence Supports the ALJ's Residual Functioning Capacity ("RFC") Finding and the Finding Hatter is Not Disabled

A claimant's RFC is the most she can do despite her limitations and is based on an evaluation of all the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e); 404.1545(a)(1), (a)(3); 416.920(e); 416.945(a)(1), (a)(3); Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). Contrary to Hatter's arguments, substantial evidence supports the ALJ's assessment of her RFC. (Tr. 17). The ALJ thoroughly evaluated the relevant evidence, including Hatter's subjective complaints, the medical records, and the opinions from medical sources. (Tr. 14-25).

As the ALJ discussed, records from Timothy Eller, M.D., at the Simon-Williamson Clinic provide substantial evidence to support the ALJ's RFC finding and undermine Hatter's allegations of disabling limitations. (Tr. 234-42, 247-77). Hatter visited Dr. Eller on August 4, 2010, the alleged onset date, complaining of some shortness of breath with exertion and coughing in the morning. (Tr. 237). Despite her complaints, Hatter continued to smoke, undermining her allegations she was limited due to her respiratory condition. (Tr. 19-22, 237). On examination, Dr. Eller noted Hatter's neck was without bruit, her chest was clear without

wheezing, her heart was regular without obvious gallops, her extremities had no significant edema, and she had no peripheral bruits. (Tr. 237). Hatter's complaints in August 2010 were substantially the same as they had been in April 2010, when it appears she last visited Dr. Eller. (Tr. 241-42). On August 4, 2010, Dr. Eller diagnosed Hatter with hypertension and ongoing tobacco and alcohol abuse, and he advised her to continue her hypertension medication, encouraged her to cut-back or stop smoking and drinking, reviewed her diet for her diabetes, and advised her to get a glucose meter. (Tr. 237).

Although Dr. Eller advised Hatter to return in three weeks, she did not return until March 25, 2011, when she complained of a twenty-four hour history of right-side facial numbness and weakness. (Tr. 237, 274). Dr. Eller diagnosed Hatter with Bell's palsy and prescribed natural tears for her eyes and prednisone. (Tr. 274). Dr. Eller mentioned Hatter's prior history of hypertension, tobacco abuse, and diabetes, but noted her diabetes was managed with Metformin and her hypertension was benign, and he did not indicate she had any other complications or complaints. (Tr. 274-75). Hatter sought refills of her medication from Dr. Eller in May 2011, July 2011, and January 2012, but the record does not indicate Hatter returned for an examination before the ALJ issued his decision on January 10, 2013. (Tr. 276).

Dr. Eller's objective clinical findings support the ALJ's assessment of Hatter's RFC. Dr. Eller's findings do not establish or even suggest Hatter had limitations beyond those the ALJ found. (Tr. 17). Dr. Eller's minimal findings also undermine Hatter's subjective complaints of disabling pain and other symptoms, supporting the ALJ's finding that Hatter's allegations of disabling limitations were not credible. Hatter's limited treatment history also undermines her allegations of disabling limitations.[5] (Tr. 19-23).

---

[5] Although Hatter alleged she could not afford treatment, there is no other evidence her

7

Hatter underwent a consultative examination with Abiodun Badewa, M.D., in December 2011. (Tr. 243-47). Hatter alleged she had been exposed to chemical toxins, but complained of only intermittent coughing and shortness of breath, and she admitted she smoked. (Tr. 245). Hatter reported she had diabetes and hypertension, but that she had only mild associated symptoms. (Tr. 245). Hatter also alleged paresthesia in her right foot, but she denied other complaints such as back pain or weakness. (Tr. 245-46). Objectively, Dr. Badewa noted Hatter was in no acute distress, and an examination of her respiratory condition revealed no rhonchi, no wheezing, and no rales. (Tr. 246). Dr. Badewa also noted Hatter had a full range of motion in her neck, back, and all extremities, and a normal gait, normal strength, and normal muscle tone. (Tr. 243-44, 246-47). Hatter displayed some sensory abnormalities in her right foot, but otherwise Dr. Badewa indicated her neurological examination was normal. (Tr. 247).

Dr. Badewa diagnosed Hatter with diabetes without complaints/complications and not uncontrolled; anxiety state, unspecified; benign essential hypertension; and idiopathic peripheral neuropathy. (Tr. 247). Dr. Badewa did not state Hatter had any functional limitations, and his objective medical findings do not indicate any noteworthy functional limitations. (Tr. 243-47). Dr. Badewa's findings further support the ALJ's RFC assessment.

Hatter argues the evidence from Dr. Eller should be "immediately eliminated" because the records do not include an opinion regarding her ability to work. (Doc. 13 at 7-8). Hatter also summarily dismisses Dr. Badewa's report because he did not provide an opinion regarding the effect of her condition on her ability to work. (*Id.* at 8, 10). To eliminate or summarily dismiss medical evidence on this basis is contrary to applicable regulations, rulings, and case law.

---

minimal treatment was due to financial reasons. In fact, the medical records, including objective medical findings, indicate Hatter's minimal treatment was due to her condition not being as severe as she now alleges and the undersigned is not relying on the limited medical treatment to discredit Hatter. (Tr. 20).

Applicable law establishes an ALJ *must* consider medical reports in assessing a claimant's RFC as well as the credibility of the claimant's subjective complaints; there is no requirement these medical sources offer an opinion regarding ability to work. *See* C.F.R. §§ 404.1512(b), 404.1513, 404.1529(c)/(d), 404.1545(a)(1)/(a)(3), 416.912(b), 416.912(b), 416.913, 416.929(c)/(d), 416.945(a)(1)/(a)(3); SSR-96-8p; SSR 96-7p; *Wilson*, 284 F.3d at 1225-26.

Hatter essentially argues the ALJ should base his assessment of her RFC on the opinion of Jack Zaremba, M.D., a consultative examiner who examined Hatter at her attorney's request. (Doc. 13 at 8-11). The opinions on some issues, including a claimant's RFC, "are not medical opinions . . . but are instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); *see* SSR 96-5-p; *see also Robinson v. Astrue*, 365 F. Appx. 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's residual functioning capacity and ability to work is within the province of the ALJ, not of doctors."). Moreover, substantial evidence supports the ALJ's decision to give little weight to Dr. Zaremba's other opinions (those on issues not reserved to the Commissioner). (Tr. 24-45). As a one-time consultative examiner, Dr. Zaremba's opinions are not entitled to any special deference or consideration. *See* 20 C.F.R. §§ 404.1502, 404.1527(c)(2), 416.902, 416.927(c)(2); *Crawford*, 363 F.3d at 1160.

Futhermore, Dr. Zaremba's findings do not support the extreme limitations he included in his opinion, and he failed to explain how his findings could support his opinion. (Tr. 265-71). Dr. Zaremba noted Hatter was in no acute distress, her lungs were clear with no wheezing or rhonchi, and she exhibited some decreased sensation in her feet, findings that do not indicate she had disabling limitations. (Tr. 266). Dr. Zaremba also noted Hatter has or displayed spasm,

tenderness, reduced range of motion, and locomotor and neurological abnormalities; (tr. 266, 270-71), however, Hatter had not exhibited these signs/symptoms during previous examinations or even complain of back pain when she saw Dr. Eller or Dr. Badewa, (tr. 236-47). Given the record as a whole, substantive evidence supports the decision to discount Dr. Zaremba's opinion.

Hatter failed to meet her burden of proving she has disabling limitations. The ALJ properly considered the relevant evidence and properly performed his duty as the trier of fact of weighing and resolving any conflicts in the evidence. Substantial evidence supports the ALJ's RFC assessment, and Hatter failed to prove she had additional limitations. Hatter also failed to meet her burden of proving she could not perform her past relevant work or the jobs identified by the vocational expert. (Tr. 26-27, 73-74). Accordingly, substantial evidence supports the conclusion Hatter is not disabled within the meaning of the Social Security Act.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for widow's insurance benefits and supplemental security income be **AFFIRMED** and this action is due to be **DISMISSED WITH PREJUDICE.**

A separate order will be entered.

DONE this 27th day of February 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE